53 So.2d 743

## PIERCE v. STATE.

### 5 Div. 354.

Court of Appeals of Alabama.

June 29, 1951.

Glen Curlee, Wetumpka, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a judgment of the Circuit Court of Elmore County in a habeas corpus proceeding denying appellant's discharge from imprisonment in Julia Tutwiler Prison.

Issue was joined below on the petition and answer. The facts were stipulated.

These stipulated facts show that petitioner was on 18 April 1951 found guilty of vagrancy by W. E. Strickland, a justice of the peace for Beat 18 in Elmore County,.

---

for an offense committed in Beat 8 of said county. It was further stipulated that at the time of the commission of the offense, and at the time of trial, there was no justice of the peace or notary public ex-officio justice of the peace in Beat 8, which adjoins Beat 18.

We think that the provisions of our present statute relative to the territorial jurisdiction of justices of the peace fully warranted the conclusions reached by the court below.

Section 416, Title 13, Code 1940, provides as follows: "Justices of the peace and notaries public ex-officio justices of the peace shall have final jurisdiction in criminal cases as provided in the following section in the respective precincts for which they are elected or appointed, *and shall have and exercise such jurisdiction as to all matters arising in adjoining precincts in which there is no justice of the peace or notary public ex-officio justice of the peace,* or when the justice of the peace or notary public ex-officio justice of the peace is disqualified or incompetent to act; but they shall have jurisdiction as to all preliminary hearings coextensive with their counties except in the precincts in which or for which inferior courts have been established in lieu of justice of the peace, and the jurisdiction of justices of the peace conferred on such inferior courts." (Italics ours.)

Thus, under the above statute a justice of the peace shall have and exercise final jurisdiction in adjoining precincts when there is no justice of the peace or notary, public ex-officio justice of the peace in such adjoining precinct.

The exercise of jurisdiction means the power of a court to hear and dispose of cases and controversies under authority granted by the State.

While some of the earlier of our cases would seem to prohibit a justice of the peace from hearing a cause beyond the limits of the precinct in which he was qualified, these cases were decided under statutes entirely different from our present statute, and are therefore not applicable.

Affirmed.